J-A19041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MATTHEW JOHN VENSKO, | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellant | |
| | |
| v. | |
| | |
| ENCOMPASS HOME AND AUTO | |
| INSURANCE COMPANY, | |
| | |
| Appellee | No. 1316 WDA 2014 |

Appeal from the Order Entered July 15, 2014
In the Court of Common Pleas of Fayette County
Civil Division at No(s): No. 2243 of 2009 GD

BEFORE:  BENDER, P.J., JENKINS, J., and MUSMANNO, J.

DISSENTING STATEMENT BY JENKINS, J.:     **FILED SEPTEMBER 11, 2015**

I respectfully dissent from the learned majority.  I believe ***Generette***

***v. Donegal Mutual Insurance Company***, 957 A.2d 1180 (Pa.2008),

applied retroactively, because it interpreted a statute and did not create a

new rule of law.  I would find the trial court erred when it found Appellant

Matthew John Vensko failed to prove the typicality requirement for class

certification based solely on its finding that Vensko purchased insurance

before the Supreme Court of Pennsylvania issued its decision in ***Generette***.

As noted by the Majority, Vensko's August 6, 2009, complaint alleged:

> Encompass had deceptively charged [Vensko], and other
> similarly situated single-vehicle policyholders who chose
> stacked [uninsured motorist/under-insured motorist
> ("UM/UIM")] insurance coverage with Encompass
> (hereinafter "the proposed class members"), higher
> premiums, but provided them coverage identical to those

single-vehicle policyholders who chose less expensive, non-stacked UM/UIM insurance coverage.

Majority at 2.

Vensko filed a class certification motion. The majority agrees with the trial court that Venkso failed to satisfy the typicality prong of class certification because he purchased his car insurance in 2007, before the Supreme Court decided **Generette** in October of 2008. The majority maintains it is not required to determine whether **Generette** applies retroactively because the trial court properly concluded that Vensko failed to establish the typicality prerequisite for class certification, as Encompass could not have deceived Vensko before the issuance of the **Generette** decision. I do not believe we can determine whether the typicality prong is satisfied, or whether Encompass could have deceived Vensko, without addressing whether **Generette** applies retroactively.

The Supreme Court in **Generette** interpreted, for the first time, the term "insured" as applied to section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL").[1] The plaintiff in **Generette** was

_____

[1] The Motor Vehicle Code contains the following stacking of uninsured and underinsured motorists provision:

§ 1738. Stacking of uninsured and underinsured benefits and option to waive

**(a) Limit for each vehicle.--**When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply

*(Footnote Continued Next Page)*

injured while a guest passenger in a third-party's vehicle. The plaintiff recovered from the tortfeasor's insurance policy and from the third-party's insurance policy that covered the car in which she was passenger. The damages, however, exceeded the amount recovered from the third-party's insurance, and the plaintiff sought coverage from her insurance policy. Her insurance carrier denied coverage, claiming she was unable to recover because she waived stacking in her insurance policy, and the other insurance clause of her policy barred recovery.[2] The ***Generette*** court found the

*(Footnote Continued)* ───────────────

separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

**(b) Waiver.--**Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

**(c) More than one vehicle.--**Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b). The premiums for an insured who exercises such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S. § 1738.

[2] The Supreme Court noted that the insurance carrier also denied coverage based on:

*(Footnote Continued Next Page)*

plaintiff's waiver of stacking of the UIM coverage was inapplicable because she was a guest in a third-party's vehicle when injured. The Supreme Court reasoned the definition of "insured" provided in section 1702 applied to UIM/UM provision of section 1738. Section 1702 defines "insured" as:

Any of the following:

(1) An individual identified by name as an insured in a policy of motor vehicle liability insurance.

(2) If residing in the household of the named insured:

(i) a spouse or other relative of the named insured; or

(ii) a minor in the custody of either the named insured or relative of the named insured.

75 Pa.C.S. § 1702. The Supreme Court found that, because the plaintiff was a guest passenger in third-party's vehicle when she was injured, she was not an insured for purposes of the waiver of UIM/UM section at the time of the

*(Footnote Continued)* ────────────

[A] provision in the policy entitled 'Other Insurance.' The 'Other Insurance' clause was included in her policy to implement the waiver of stacked UIM benefits. It limited recovery of UIM coverage under the [plaintiff's] policy to the amount by which the [plaintiff's] policy's coverage limit exceeded the coverage of the UIM policy at the first priority level. Accordingly, [the insurance carrier] denied coverage claiming that her $35,000 coverage limit on [the plaintiff's] policy did not exceed the $50,000 of coverage provided by the Nationwide–UIM policy, the first priority policy.

**Generette**, 957 A.2d at 1183. In **Generette**, the Supreme Court found the "other insurance" provision void as against public policy. **Id.** at 1192.

accident and her waiver of stacking in her insurance policy did not bar recovery.

Because the Supreme Court in *Generette* was interpreting a statute, and did not overrule prior precedent, its holding is not a new rule of law and it applies retroactively.[3] *See Fiore v. White*, 757 A.2d 842, 847 (Pa.2000) ("Therefore, when we have not yet answered a specific question about the meaning of a statute, our initial interpretation does not announce a new rule of law. Our first pronouncement on the substance of a statutory provision is purely a clarification of an existing law."); *Kendrick v. District Attorney of Phila. Cnty.*, 916 A.2d 529 (Pa.2005) ("Once this Court interpreted the legislative language contained in the applicable act, our interpretation became a part of the legislation from the date of its enactment.")

As the Supreme Court interpreted a statute, and there was no change in law, Vensko may be able to establish a claim based on deception for a policy he purchased prior to *Generette*. Therefore, based only on the timing of the *Generette* decision, Vensko's claim would not fail the typicality prong. I would remand to the trial court to address all class certification prongs, including the typicality prong, without taking into consideration that

_____

[3] Neither party has directed this Court to any pre-*Generette* law or case interpreting the term "insured" as it applies to section 1738.

Vensko purchased his insurance policy prior to the issuance of the *Generette* decision.[4]

I, therefore, respectfully dissent.

_____

[4] I agree with the majority that the trial court should not have relied on the unpublished memorandum in *LaCaffinie v. The Standard Fire insurance Company*, 55 A.3d 132 (Pa.Super.2012) (unpublished memorandum).